[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15607

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 18, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-03148-CV-B-NE

MICHELE WATKINS,

Plaintiff-Appellant,

versus

HUNTSVILLE, ALABAMA, CITY OF,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(April 18, 2006)**

Before TJOFLAT and COX, Circuit Judges, and GEORGE[*], District Judge.

PER CURIAM:

The City of Huntsville, Alabama, hired Michele Watkins (who is black) as

a part-time Court Clerk I in October 2000, but declined to hire her for a full-time

_____

[*]Honorable Lloyd D. George, United States District Judge for the District of Nevada, sitting by designation.

Court Clerk I position that opened in June 2001.[1] Eight months after the City received Watkins' EEOC racial discrimination charge, the City terminated her for poor work performance and for failing to disclose, on each of her job applications, that she had a prior conviction.

We affirm the district court's grant of summary judgment in favor of the City. Assuming that Watkins met her burden of showing she was qualified for the job at issue,[2] she plainly did not meet her burden of showing the City's reason for not hiring her was pretext. Further, Watkins did not meet her burden of showing a causal relationship between her termination and her filing of an EEOC charge.

As the City offered evidence that it hired the person it determined to be the best-qualified candidate, Watkins had the burden to show this stated reason is pretext for discrimination. *McDonnell Douglas Co. v. Green*, 411 U.S. 792, 802, (1973). She argues that she met this burden by showing that (a) the City had a policy of preference for an employee applicant whose qualifications are equal to an outside applicant, and (b) that she had some qualifications better than the selected candidate.

---

[1] The district court dismissed, as time-barred, Watkins' discrimination claims arising from the City's failure to hire her as a full-time court clerk in January 2001. Watkins has not challenged this ruling on appeal.

[2] The record would suggest, however, that Watkins did not meet *her* burden of showing that her prior conviction did not disqualify her for the full-time position at issue.

2

To infer pretext, "disparities in qualifications must be of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." *Cooper v. Southern Co.*, 390 F.3d 695, 732 (11th Cir. 2004) (internal quotation marks omitted). To raise a genuine issue of fact whether the City's articulated reason that it selected the best qualified candidate was pretextual, Watkins' burden was to show that she "was so clearly more qualified for the position than [the selected candidate] that a reasonable juror could infer discriminatory intent from the comparison." *Id.* Even in light of the City's preference policy, Watkins' evidence of her and the selected candidate's qualifications would not permit a juror, comparing those qualifications, to draw this inference.

As to Watkins' claim of retaliation, the district court did not err in concluding that the eight-month lapse between the City's receipt of Watkins' EEOC charge and her termination did not raise an inference of a causal link. *Wascura v. City of South Miami*, 257 F.3d 1238, 1248 (11th Cir. 2001) (three and one-half month temporal proximity, without more, is insufficient to create jury issue). Nor does a jury issue arise from the remaining evidence, or lack of evidence, upon which Watkins relies.

**AFFIRMED.**