[No. B033615. Second Dist., Div. Four. Feb. 27, 1989.]

JAMES H. REID, Plaintiff and Respondent, v.
MARK MOSKOVITZ et al., Defendants and Appellants.

---

**COUNSEL**

Tilles & Webb, Stephen P. Webb, Robert B. Jeffries and John E. Ohashi for Defendants and Appellants.

Barbara A. Reid and Maxwell S. Keith for Plaintiff and Respondent.

---

**OPINION**

**McCLOSKY, J.**—Defendants Mark Moskovitz, Harry Vartanian and Marvel, Inc. appeal from the judgment in favor of plaintiff James H. Reid. Plaintiff initiated this action for breach of contract, breach of warranty and fraud based upon intentional and negligent misrepresentations due to defendants' sale to him of what was purported to be a diamond VS1-G color, weighing 1.23 carats with a replacement value of $7,500 for which plaintiff paid defendants $3,600. Plaintiff alleged that in reality he was sold a simulated diamond with a value of approximately $25.

FACTS

The trial was conducted before the court sitting without a jury. Plaintiff introduced evidence that he purchased what purported to be a 1.23 carat diamond from defendants for $3,600 to be mounted in a ring. Defendant Moskovitz caused an appraisal of the stone for insurance purposes to be prepared. That appraisal provided " 'one modern full cut diamond VS1-G color, weighing 1.23 carats.' " The stone subsequently dislodged from the ring. Plaintiff then left the ring and stone overnight to be repaired with a jeweler known only as "John." When plaintiff picked up the ring he was told the stone was not a natural diamond. When plaintiff confronted defendants with this information the defendants suggested the stone plaintiff now had was not the stone he purchased from them.

Expert testimony was that the $3,600 sale price of a diamond of the size and quality defendants purported to sell plaintiff was too low. Six thousand

dollars would be a more reasonable sale price for that diamond. It was undisputed that the stone plaintiff now possessed was a cubic zirconia, rather than a natural diamond with a value of approximately $50.

Defendants' principal defense was that the stone plaintiff now possessed was not the stone they sold to him.

After trial, the court found for plaintiff and against defendants. The court stated, however, that "while I think there was a type of fraud here I don't think it was intentional fraud for the reason that that appraisal was given in the manner that it was. I think it was a negligent misrepresentation. I think what probably happened was that Mr. Moskovitz got careless, didn't really look carefully at that ring, even if he looked through the loop, and sold something that was not what it should be. The difference between intentional and negligent fraud is important when you talk about punitive damages."

Based upon this conclusion, the court awarded plaintiff $3,550 in compensatory damages. The court then turned to plaintiff's punitive damages claim, stating: "In terms of punitive damages, three factors have to be considered. I might say again something else that makes me doubt the credibility of Mr. Moskovitz is his complete ignorance of how much money he is making. It's pretty hard for me to believe that a guy is in business for 17 years and has no idea at all how much money he makes, just does not wash.

"Punitive damages have to be based in some respects to the amount of the compensatory damages, which is very small in this case, on the infamy of what the defendants have done and that is why, whether it is intentional fraud or negligent fraud, in my opinion, is important.

"I conclude that it's a negligent misrepresentation here and, thus, that the punitive damages should not be excessive.

"Thirdly, of course, the court is supposed to consider the financial status of the defendants. I don't really have any evidence about that. It can easily be supplied. You can subpoena in all their records and put it in evidence. I don't know why plaintiff didn't do that if they are such wealthy men. It is easy to do.

"Yes, they have a business going there but I don't know how prosperous that business is and I don't know how much they have in the bank, et cetera, et cetera.

"So I think the punitive damages should be in a small amount. It should be enough to teach a lesson but I think the damages to one's reputation is almost punishment enough in a case such as this.

"Therefore, the award of punitive damages will be in the amount of $7100."

## DISCUSSION

Defendants' sole contention on appeal is that "[t]he court erred in awarding punitive damages for negligent misrepresentation." Plaintiff does not refute that "[p]unitive damages are not recoverable for negligent misrepresentation." (*Delos* v. *Farmers Group, Inc.* (1979) 93 Cal.App.3d 642, 656 [155 Cal.Rptr. 843].) Instead, plaintiff attempts to support the punitive damages award by asserting that due to defendants' failure to request a statement of decision "the reviewing court will presume that the trial court made whatever findings were necessary to sustain the judgment." Plaintiff urges that since there is substantial evidence to support a finding that defendants fraudulently sold him the subject stone the punitive damages award must be upheld.

As a general rule, plaintiff is correct that in the absence of a request for a statement of decision the Court of Appeal "must presume in favor of the judgment every finding of fact necessary to support it warranted by the evidence." (*Homestead Supplies, Inc.* v. *Executive Life Ins. Co.* (1978) 81 Cal.App.3d 978, 984 [147 Cal.Rptr. 22].)

An exception to this rule exists, however, when a trial court expressly refuses to make a finding. In such an instance, the Court of Appeal will not presume that the trial court made that finding. (*Wise* v. *Clapper* (1968) 257 Cal.App.2d 770, 776 [65 Cal.Rptr. 231] ["In the absence of a request for special findings, a reviewing court may ordinarily presume that the trier of fact made all material findings and uphold the judgment on implied findings [citation], but a finding should not be presumed or implied where the record discloses that the trial court expressly declined to make it. [Citations.]"].)

In the present case, the trial court expressly stated "I don't think [defendants committed] intentional fraud . . . ." Instead, the court reasoned: "I think it was a negligent misrepresentation." In view of these express statements by the trial court, we will not presume the court based its punitive damages award upon a finding that defendants committed intentional fraud. Absent such a finding, no punitive damages were warranted. We, therefore, conclude that the trial court erroneously awarded plaintiff punitive damages. We reject defendants' request for sanctions as meritless.

The judgment is reversed. The trial court is directed to render judgment for plaintiff for compensatory damages only. Each party shall bear its own costs of appeal.

Woods (A. M.), P. J., and George, J., concurred.