978 F.2d 1260
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James David STRICKLER, Defendant-Appellant.
 No. 92-5217
 United States Court of Appeals, Sixth Circuit.
 Oct. 26, 1992.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, James Strickler, appeals the district court's order terminating his supervised release status and sentencing him to two years imprisonment for violating the conditions of his supervised release. We AFFIRM.
 
 I.
 
 2
 After pleading guilty to a drug conspiracy charge under 21 U.S.C. § 846, defendant was sentenced to sixteen months imprisonment to be followed by a three-year term of supervised release. The term of supervised release included the mandatory conditions that defendant avoid committing a federal, state, or local crime, and that he refrain from possessing illegal controlled substances. See 18 U.S.C. § 3583(d).
 
 
 3
 During the pendency of defendant's supervised release, the U.S. Probation Office filed a petition to revoke supervised release based on facts gathered by Stan Cookenour ("Cookenour"), of the Johnson City, Tennessee, Police Department, who witnessed the defendant selling marijuana to a confidential informant.
 
 
 4
 At the revocation hearing, Cookenour testified that defendant possessed and delivered marijuana. Defendant never objected to Cookenour's testimony, and neither the government nor the defendant offered additional evidence. Based on Cookenour's testimony, the district court found that defendant violated "the terms of the supervisory release" by possessing a controlled substance, marijuana. It therefore revoked defendant's supervised release status and sentenced defendant to two years imprisonment under 18 U.S.C. § 3583(g). This timely appeal followed.
 
 II.
 
 5
 Although we typically review revocation proceedings under an abuse of discretion standard, United States v. Stephenson, 928 F.2d 728, 731 (6th Cir.1991), the government argues that because defendant failed to object to the admission of Cookenour's testimony during the revocation hearing, his claims of error can only be reviewed under the doctrine of plain error. We agree. See Fed.R.Crim.P. 52(b).
 
 A.
 
 6
 Defendant argues that Cookenour had to be qualified as an expert witness in order to identify the purchased item as marijuana. Because a lay witness may testify as to an opinion or inference that is rationally based on his perception, even if the opinion or inference embraces an ultimate issue to be decided by the trier of fact, Fed.R.Evid. 701, 704, we find no plain error in the district court's reliance on Cookenour's lay testimony.[1]
 
 B.
 
 7
 Defendant next argues that Cookenour's testimony regarding defendant's possession of marijuana constituted inadmissible hearsay, thereby depriving defendant of his right to confrontation protected under the Sixth Amendment and his right to due process protected under the Fifth Amendment. When a hearsay declarant is unavailable for cross-examination, the right to confront witnesses under the Sixth Amendment is violated if the out-of-court statement does not bear adequate indicia of reliability. See Ohio v. Roberts, 448 U.S. 56, 65-66 (1980). A more limited right to confrontation under the due process component of the Fifth Amendment applies in revocation hearings. Stephenson, 928 F.2d at 732 (right to confront and cross-examine adverse witnesses extinguished if the hearing officer specifically finds good cause for not allowing confrontation). Neither the Confrontation Clause of the Sixth Amendment nor the Due Process Clause of the Fifth Amendment are implicated, here, because we conclude that Cookenour's testimony is not hearsay.
 
 
 8
 On appeal, defendant has failed to identify a specific hearsay statement to which he objects. He never made a hearsay objection during the revocation hearing. Moreover, the record does not reveal any statement that could be construed as hearsay. Accordingly, we conclude that no hearsay exists; thus, the Confrontation Clause is not implicated. See United States v. Williams, 952 F.2d 1504, 1518 (6th Cir.1991) (if testimony does not meet the definition of hearsay under Fed.R.Evid. 801(c), the right to confront witnesses is not infringed). Similarly, there can be no violation of the due process right under Stephenson to confront witnesses. Accordingly, we find no plain error in the district court's decision to admit Cookenour's testimony into evidence.
 
 C.
 
 9
 Defendant also argues that in relying solely on Cookenour's allegedly inadmissible hearsay testimony, the government failed to meet its burden of proof. This argument fails because, as determined above, Cookenour's testimony is not hearsay.
 
 III.
 
 10
 For all of the foregoing reasons, the order of the district court is AFFIRMED.
 
 
 
 [1]
 In the same way, defendant argues that a lab test of the alleged marijuana should have been admitted at the hearing in order to prove possession. Cookenour's eyewitness testimony sufficed