GRIFFIN, J., delivered the opinion of the court, in which BARZILAY, J., joined. GUY, J. (pp. 9-17), delivered a separate dissenting opinion.
OPINION
GRIFFIN, Circuit Judge.
In her Complaint, plaintiff Victoria Harris asserts several claims against defendant J.B. Robinson Jewelers (“Robinson”) based upon her allegation that when she brought her diamond wedding ring into defendant’s store for resizing, her large, pink center diamond was replaced with a smaller, colorless stone. The district court granted summary judgment in favor of Robinson on the basis that plaintiff failed to submit any admissible evidence in support of her allegation that her center diamond had been replaced. Upon review, we conclude that the district court erred in its ruling because plaintiff submitted admissible documentary evidence creating a genuine issue of material fact regarding this issue. Accordingly, we reverse and remand for further proceedings. Our reversal is without prejudice to defendant’s ability to renew its motion for summary judgment based upon other grounds.
I.
In July 1973, plaintiffs husband, Arthur Harris, purchased from defendant a diamond wedding ring for $395. According to plaintiff Victoria Harris, the ring contained several small stones and a pink center diamond. However, no written information regarding the size, quality, or color of the stones was provided by defendant at the time of purchase.
On August 5, 2002, Victoria Harris brought her ring into a Robinson store for resizing. When she returned to retrieve the ring on August 13, plaintiff asserted that the original center diamond had been replaced. Specifically, she claimed that the diamond then present in the setting was smaller and brighter than the original. Harris refused to take the ring home that day, and instead returned to the Robinson store on August 18 to further discuss her concerns. At this time, Harris asserted *238 that the center diamond had been replaced yet again, this time with a “wider” and “flatter” stone. On November 12, 2002, Harris filed a police report alleging that her original “fancy” diamond was replaced by Robinson with a different stone. The word “fancy” is a term of art in the diamond industry, referring to a colored, as opposed to colorless, diamond.
Harris filed the present lawsuit in Saginaw County, Michigan, Circuit Court, asserting claims for breach of trust, breach of duty, embezzlement, larceny, conversion, damage to personal property, and civil theft. Defendant Robinson removed the action to the United States District Court for the Eastern District of Michigan based upon diversity of citizenship and an amount in controversy in excess of $75,000.
On May 9, 2008, Robinson moved for summary judgment on the grounds that the original diamond was returned. In support of its motion, Robinson relied in substantial part upon the expert opinion of Martin Fuller, a certified gem appraiser. Based upon his examination of the ring, Fuller opined that the colorless, .29 carat diamond currently mounted in Harris’s ring is likely the original.
In opposing summary judgment, Harris submitted her deposition testimony regarding the alleged color and size of her original center diamond. In addition, Harris submitted affidavits of three witnesses: Essie Washington, Willie Washington, and Ann Marie Lewis Easley. Each of these witnesses swore, based upon personal knowledge, that Harris’s original center diamond was pink in color.
This matter was referred to a magistrate judge, who recommended that the district court grant Robinson’s motion for summary judgement. Specifically, the magistrate concluded that Harris had not submitted any admissible evidence supporting her allegation that her center diamond had been replaced. In so ruling, the magistrate held that the testimony offered by Harris regarding the color and appearance of the original center diamond was inadmissible opinion of a non-expert, lay witness.
On February 11, 2009, the district court adopted the magistrate’s report and recommendation. In its written opinion, the district court agreed that Harris had failed to establish a genuine issue of material fact regarding the alleged diamond replacement, and that the testimony offered by Harris regarding the color and appearance of her original diamond was inadmissible lay opinion. Harris timely appealed.
II.
We review de novo a district court’s grant of summary judgment. Longaberger Co. v. Kolt, 586 F.3d 459, 465 (6th Cir.2009). Summary judgment is proper “if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(c)(2). The moving party has the burden of proving the absence of genuine issues of material fact and its entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When determining whether the movant has met this burden, we must view the evidence in the light most favorable to the nonmoving party. Smith Wholesale Co. v. R.J. Reynolds Tobacco Co., 477 F.3d 854, 861 (6th Cir.2007).
All of Harris’s claims rest upon the allegation that Robinson replaced her large, pink diamond with a smaller, colorless diamond. Harris contends that the district court erred in granting summary judgment because the admissible record *239 evidence establishes a genuine issue of material fact regarding whether plaintiffs original diamond was replaced. Upon review, we agree.
In opposing summary judgment, Harris submitted her deposition testimony. When asked how she was able to discern that her center diamond had been replaced, she stated: “It was not the same color. It was not the same size. It was nothing like the one I took into the store that I had for 29 years.” This testimony alone is sufficient to create a jury question regarding the alleged replacement. See Churchwell v. Bluegrass Marine, Inc., 444 F.3d 898, 904 (6th Cir.2006) (“Plaintiffs testimony creates sufficient evidence to create a genuine issue of material facts[.]”); see also Head v. Glacier Nw. Inc., 413 F.3d 1053, 1058 (9th Cir.2005) (“[A] plaintiffs testimony may suffice to establish a genuine issue of material fact.”); Britton v. U.S.S. Great Lakes Fleet, Inc., 302 F.3d 812, 818 (8th Cir.2002) (“[Plaintiffs] testimony alone created a genuine issue of material fact[.]”). Robinson also contends that Harris’s testimony is “self-serving,” and therefore should not be considered by the court. We do not agree. A court may not disregard evidence merely because it serves the interests of the party introducing it. See Niemi v. NHK Spring Co., 543 F.3d 294, 300 (6th Cir.2008) (“[Plaintiffs] affidavit, albeit arguably self-serving, is not ‘no evidence.’ ”); Rushing v. Kan. City S. Ry. Co., 185 F.3d 496, 513 (5th Cir.1999) (reversed on other grounds) (“[M]erely claiming that the evidence is self-serving does not mean we cannot consider it or that it is insufficient.”).
Moreover, Harris’s testimony was bolstered by the sworn affidavits of three witnesses. Each of these witnesses contend, based upon personal observation, that Harris’s original center diamond was pink in color. There is no dispute that the diamond presently mounted in Harris’s ring is colorless. Accordingly, this testimony, which must be viewed in the light most favorable to Harris, supports the allegation that Harris’s diamond was replaced.[1] Robinson contends that the district court erred in considering the affidavit of Ann Marie Lewis Easley because Harris failed to identify her “as an individual with knowledge during discovery.” However, as the magistrate noted, Easley was named on Harris’s witness list. Because Robinson was made aware of Easley prior to summary judgment, the district court did not abuse its discretion in failing to exclude her testimony. See Tisdale v. Fed. Express Corp., 415 F.3d 516, 525 (6th Cir.2005) (noting that an appellate court reviews a district court’s decision regarding discovery sanctions for abuse of discretion, considering in part prejudice suffered as a result of alleged discovery violation).
In granting summary judgment in favor of Robinson, the district court held plaintiffs deposition testimony and the witness affidavits were inadmissible lay opinion under Rule 701 of the Federal Rules of Evidence. Specifically, the district court held that testimony regarding the color of a diamond requires specialized *240 knowledge possessed exclusively by experts in the field. Evidentiary rulings are generally reviewed for an abuse of discretion. United States v. Ganier, 468 F.3d 920, 925 (6th Cir.2006). However, “ ‘[i]n reviewing a trial court’s evidentiary determinations, this court reviews de novo the court’s conclusions of law and reviews for clear error the court’s factual determinations that underpin its legal conclusions.’ ” Id. (quoting United States v. Baker, 458 F.3d 513, 516 (6th Cir.2006)). “These standards are not in fact inconsistent, because it is an abuse of discretion to make errors of law or clear errors of factual determination.” Id. (internal quotation marks and citation omitted).
We hold that the district court erred in excluding the testimony of Harris and her lay witnesses. Fed.R.Evid. 701 provides:
If the witness is not testifying as an expert, the witness’ testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness’ testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.
In distinguishing proper lay testimony from expert testimony, this court has specified that “lay testimony results from a process of reasoning familiar in everyday life, whereas an expert’s testimony results from a process of reasoning which can be mastered only by specialists in the field.” United States v. White, 492 F.3d 380, 401 (6th Cir.2007) (internal quotation marks and citation omitted). Thus, a lay witness may testify, for example, that “a footprint in snow looked like someone had slipped, or that a substance appeared to be blood[,]” but cannot testify that “skull trauma caused the bruises on a victim’s face.” Id. (internal quotation marks and citation omitted). In applying Rule 701, “the modern trend among courts favors the admission of opinion testimony, provided that it is well founded on personal knowledge and susceptible to specific cross-examination.” United States v. Valdez-Reyes, 165 Fed.Appx. 387, 392 (6th Cir.2006) (unpublished) (internal quotation marks and citation omitted).
Here, the testimony offered by Harris regarding the perceived color of her original center diamond is not “based on scientific, technical, or other specialized knowledge.” Rather, this testimony is based upon “a process of reasoning familiar in everyday life,” i.e., the observation and recognition of color.
In holding Harris’s proffered witness testimony to be improper lay opinion, the district court noted that an “opinion regarding the color of the diamond necessitates a conclusion that the ring contained a pink diamond, which evaluates the quality of the gem.” However, the testimony submitted by Harris was not offered to prove damages or the quality of her original diamond, nor to prove that the stone was truly “pink,” as the term is used in the diamond industry. Instead, the evidence was submitted in support of plaintiffs allegation that the diamond she left with Robinson was not returned.
The recognition of color is well within the realm of ordinary experience to which a lay witness may testify.[2] Indeed:
*241 The prototypical example of the type of evidence contemplated by the adoption of Rule 701 relates to the appearance of persons or things, identity, the manner of conduct, competency of a person, degrees of light or darkness, sound, size, weight, distance, and an endless number of items that cannot be described factually in words apart from inferences.
Asplundh Mfg. Div. v. Benton Harbor Eng’g, 57 F.3d 1190, 1196 (3d Cir.1995).
This court has previously acknowledged a lay witness’s ability to identify objects based upon personal observation. See, e.g., United States v. Strickler, No. 92-5217, 978 F.2d 1260, 1992 WL 310267, at *1 (6th Cir. Oct.26, 1992) (unpublished table opinion) (lay witness may testify that substance was marijuana). Indeed, this court has allowed lay testimony on matters decidedly more specialized and technical than the recognition of color. See, e.g., United States v. Madison, 226 Fed.Appx. 535, 543-44 (6th Cir.2007) (unpublished) (lay witness may testify, based upon review of financial records, as to whether appropriate funds were available to make a down payment); Heritage Mut. Ins. Co. v. Reck, 127 Fed.Appx. 194, 199-200 (6th Cir.2005) (unpublished) (affirming admission of lay testimony regarding whether an automobile collision was preventable); United States v. Smith, 437 F.2d 538, 540 (6th Cir.1970) (“[L]ay testimony may, at least under some circumstances, serve to create an issue of fact for the jury as to a defendant’s criminal responsibility.”). In addition, our sister circuits have recognized that lay witnesses may testify regarding matters open to the senses. See, e.g., Rushing, 185 F.3d at 512 (reversing district court’s exclusion of lay witness testimony regarding the level of perceived sound); Randolph v. Collectramatic, Inc., 590 F.2d 844, 847-48 (10th Cir.1979) (“There is uniformity among the courts that the testimony of witnesses ... is admissible if predicated upon concrete facts within their own observation and recollection that is facts perceived from their own senses, as distinguished from their opinions or conclusions drawn from such facts.”); Burchill v. Kearney-Nat’l Corp., Inc., 468 F.2d 384, 386 (3d Cir.1972) (reversing district court decision excluding lay witness testimony identifying substance as rust); Aetna Life Ins. Co. of Hartford, Conn. v. Kelley, 70 F.2d 589, 593 (8th Cir.1934) (internal quotation marks and citation omitted) (holding that a non-expert may testify to matters that are “open to the senses”).
III.
In conclusion, because the deposition testimony of Harris and the affidavits of her three lay witnesses constitute admissible evidence supporting the claim of diamond replacement, we hold that there is sufficient evidence to create a genuine issue of material fact regarding this issue. For this reason, we reverse the ruling of the district court granting summary judgment in favor of defendant and remand for *242 further proceedings consistent with this opinion.[3]

. In addition to the testimony described above, Harris offered the expert report of Arthur DeMello and several photographs in opposition to summary judgment. The report is not sworn, nor is it made under penalty of perjury. Accordingly, it cannot be considered on summary judgment. See Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 968-69 (6th Cir.1991) ("[A] court may not consider unsworn statements when ruling on a motion for summary judgment.”). With regard to the photographs, the quality of the images is too poor for them to be probative regarding the facts at issue here.

. According to Robinson, ''[cjourts routinely hold that opinions concerning diamonds in general, and colored diamonds in particular, call for specialized skill and expertise.” However, the cases cited by Robinson do not support the proposition for which they are cited. Instead, they merely establish that experts may be utilized to establish facts regard *241 ing diamonds. See New Olde Vill. Jewelers, Inc. v. Outlet Commc’ns, Inc., No. 98-4407, 202 F.3d 269, 2000 WL 64942, at *3-5 (6th Cir. Jan. 14, 2000) (unpublished table opinion) (summarizing expert testimony admitted by trial court regarding diamonds); U.S. Diamond & Gold v. Julias Klein Diamonds LLC, No. C-3-06-371, 2008 WL 4116090, at *6 (S.D.Ohio Aug.28, 2008) (unpublished) (certifying expert to testify regarding value of pink diamond); Reid v. Moskovitz, 208 Cal.App.3d 29, 30-31, 255 Cal.Rptr. 910 (Cal.Ct.App. 1989) (summarizing expert testimony admitted at trial regarding value of diamond). These cases do not address whether lay witnesses may testify regarding the readily observable appearance of a diamond.

. We express no opinion on other potential grounds for summary judgment that may be raised on remand.