NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0287n.06

No.  12-5735

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
***Mar 22, 2013***
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| BRITTAN KETTLES, | ) | COURT FOR THE  MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  MARTIN, GUY, and McKEAGUE, Circuit Judges.

PER CURIAM.  Brittan Kettles, who is represented by counsel, appeals his conviction following a jury trial on two counts of counterfeiting and two counts of dealing in counterfeit currency.  The district court sentenced Kettles to twenty-four months of imprisonment.

On appeal, Kettles objects to the admission of evidence from his account on the social network Facebook.  Kettles put a link on his Facebook page to a YouTube video of himself in which he is seen throwing large amounts of money on the floor.  The video itself was not admitted, but a private chat between Kettles and one of his friends after he posted the video link was admitted.  In the chat, the friend states:  "Dat money fake on dem videos."  Kettles responds:  "i know that."

Kettles argues that the evidence was ambiguous, and that he and his friend were actually discussing similar videos by hip-hop artists of which his own video was a parody.  He also argues that the challenged statement was hearsay, and that the district court abused its discretion in admitting the chat because it prejudiced the jury against him.

Evidentiary rulings are reviewed for an abuse of discretion. *Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 240 (6th Cir. 2010). Kettles argued that the evidence before the district court was ambiguous. The court noted that Kettles could present to the jury his theory of whether the discussion referred to the video Kettles posted or the hip-hop artists' videos, and the transcript shows that Kettles did make this argument to the jury. The jury either believed that the discussion concerned the video of Kettles or that it was not material to the case, as will be discussed below. No abuse of discretion by the district court is apparent on this issue.

Kettles next argues that the statement "Dat money fake on dem videos" was improperly admitted as hearsay. However, the statement was not hearsay because Kettles manifested an adoption or belief in its truth by responding "i know that." *See United States v. Jinadu*, 98 F.3d 239, 244 (6th Cir. 1996).

Finally, Kettles argues that the evidence was erroneously admitted because it prejudiced the jury. The government argues that Kettles raised no such objection below, and therefore the admission of the evidence should be reviewed only for plain error. Regardless of the standard of review, however, we will reverse only if the alleged error was not harmless; that is, where it affected the outcome of the trial. *See United States v. Marrero*, 651 F.3d 453, 471 (6th Cir. 2011), *cert. denied*, 132 S. Ct. 1042 (2012). In this case, the evidence of guilt was overwhelming. The government introduced recordings of telephone calls in which Kettles agreed to make and sell counterfeit currency, and a large amount of counterfeit currency, still uncut, was found in the search of his residence. Therefore, whether the jury believed that Kettles was discussing the money in his own video in the challenged Facebook discussion could not have affected the outcome of this trial.

The district court's judgment is affirmed.