NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0441n.06

No. 13-6448

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 17, 2014
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| LIBBY SILAS, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE WESTERN DISTRICT OF |
| TARGET CORPORATION, | ) TENNESSEE |
| | ) |
| Defendant-Appellee. | ) |
| | ) |
| | ) |

BEFORE: BOGGS, COLE, and STRANCH, Circuit Judges.

PER CURIAM. Libby Silas appeals the district court's decision to grant summary judgment in favor of Target Corporation in this premises-liability action.

Silas slipped and fell while shopping at Target. After Silas filed a complaint in state court, Target removed the case to the district court based on diversity of citizenship. Target filed a motion for summary judgment, which the district court granted. This timely appeal followed. Because we disagree with the district court's conclusion that Silas had presented no admissible evidence that Target was aware of the condition that led to Silas's injury, we reverse the grant of summary judgment and remand to the district court.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review the district court's decision to grant summary judgment de novo. *Pagliara v. Johnston Barton Proctor & Rose, LLP*, 708 F.3d 813, 817 (6th Cir. 2013). We review the

district court's evidentiary rulings for abuse of discretion. *Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 240 (6th Cir. 2010).

To establish negligence under Tennessee law, a plaintiff must prove the following elements: "(1) a duty of care owed by defendant to plaintiff; (2) conduct falling below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause." *McClung v. Delta Square Ltd. P'ship*, 937 S.W.2d 891, 894 (Tenn. 1996). In addition, to hold an owner or operator of premises liable in negligence for a dangerous or defective condition on its premises, the plaintiff must prove either (1) that the owner or operator caused or created the condition or (2) that the owner or operator had actual or constructive notice that the condition existed prior to the accident. *Blair v. W. Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004).

Target moved for summary judgment on the basis that Silas could not offer any evidence showing that it had notice of the water on the floor that she claimed caused her fall. In response, Silas submitted the affidavit of Timothy Jackson, who witnessed Silas's fall, stating that a woman arrived at the scene and "exclaimed with irritation: 'Hey, I told them about that water on the floor.'" In addition, Silas testified in her deposition that, while she was on the floor, she "heard a [female] customer say, I told somebody about that spill 15 minutes ago. . . . God, I told them about that water 15 minutes ago — that spill 15 minutes ago." The district court and the parties appear to have assumed that one woman made the statement or statements heard by Jackson and Silas, though this fact is unclear.

Target objected to the unidentified woman's statement as inadmissible hearsay. The district court determined that the unidentified woman's statement satisfied the requirements for the "excited utterance" exception to the hearsay rule under Federal Rule of Evidence 803(2) but

found that Silas failed to establish the unidentified woman's personal knowledge as required under Federal Rule of Evidence 602. Concluding that Silas failed to produce admissible evidence of Target's actual or constructive notice of the water on the floor, an essential element of the prima facie case, the district court granted summary judgment in favor of Target.

Federal Rule of Evidence 602 provides: "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." Fed. R. Evid. 602. In addition, the advisory committee note to Federal Rule of Evidence 803 states: "In a hearsay situation, the declarant is, of course, a witness, and neither this rule nor Rule 804 dispenses with the requirement of firsthand knowledge. It may appear from his statement or be inferable from circumstances." Fed. R. Evid. 803 advisory committee's note. This court has cautioned that "[t]estimony should not be excluded for lack of personal knowledge unless no reasonable juror could believe that the witness had the ability and opportunity to perceive the event that he testifies about." *United States v. Hickey*, 917 F.2d 901, 904 (6th Cir. 1990).

Here, the unidentified woman's personal knowledge appears from her statement: "*I* told them about that water on the floor," or "*I* told somebody about that spill 15 minutes ago. . . . God, *I* told them about that water 15 minutes ago — that spill 15 minutes ago." (emphasis added). The unidentified woman had firsthand knowledge of her own report of the water spill.

In granting summary judgment, the district court relied heavily on *Gainer v. Wal-Mart Stores E., L.P.*, 933 F. Supp. 2d 920 (E.D. Mich. 2013). That case, however, is distinguishable. In *Gainer*, the plaintiff offered the statements of unidentified customers "exclaiming that someone 'had been out there mopping' and was 'just mopping the [mother f--king] floor.'" *Id*. at

926 (brackets in original). The court concluded that these statements were inadmissible: "Absent any additional evidence indicating that the unidentified declarants actually saw Defendant's employee mop the floor, Plaintiff has failed to carry [her] burden of demonstrating the declarants' personal knowledge." *Id*. at 932. In this case, the unidentified woman did not state that "someone" reported the water spill. The unidentified woman's personal knowledge is apparent from her statement: she herself reported the spill.

Target further argues that Silas has presented no admissible evidence regarding how long the water was on the floor and whether Target had time to clean it up, if it was aware of the water. But the statement overheard by Silas indicates that the water was present for about fifteen minutes, and the statement overheard by Jackson suggests, at the least, that some period of time had elapsed between the spill and Silas's fall—at least long enough for a report to be made. There is not "a complete absence of proof as to when and how" the spill occurred, *Chambliss v. Shoney's Inc*., 742 S.W.2d 271, 273 (Tenn. Ct. App. 1987), and the evidence that exists should be evaluated by a trier of fact.

The district court abused its discretion in determining that the unidentified woman's statement was inadmissible for lack of personal knowledge. Because the unidentified woman's statement creates a factual issue as to Target's notice of the water on the floor, we REVERSE the district court's order granting summary judgment in favor of Target and REMAND for further proceedings consistent with this opinion.