Filed 10/28/22  Lamor Res v. Hovannesian CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| LAMOR RES, INC., | |
| Plaintiff and Appellant, | E074197 |
| v. | (Super.Ct.No. CIVDS1611442) |
| ARMENAK HOVANNESIAN, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of San Bernardino County.  Janet M. Frangie, Judge.  Reversed with directions.

1

Pope & Gentile and Daniel K. Gentile for Plaintiff and Appellant.

Law Offices of Diana Carloni and Diana J. Carloni for Defendant and Respondent.

## I.  INTRODUCTION

Plaintiff Lamor Res, Inc. filed a civil complaint against defendant Armenak Hovannesian, alleging a single cause of action for breach of a written lease agreement (the Lease) as the result of unpaid rent.  The case was tried over two days in a court trial resulting in a judgment in favor of defendant.  In its statement of decision, the trial court made a factual finding that defendant failed to pay the rent required under the written terms of the Lease between October 2014 and December 2015.  Nevertheless, the trial court concluded that there was no breach because the Lease had been modified by oral agreement to provide for a reduced rental payment.  The trial court further concluded that because defendant did not owe rent under the modified agreement, he was entitled to a return of his security deposit and included an award of compensatory damages in favor of defendant as part of the judgment.

Plaintiff appeals, arguing that the trial court erred (1) in concluding the Lease had been validly modified by oral agreement, and (2) in granting affirmative relief in favor of defendant in the absence of any pleading requesting such relief.  We agree the trial court erred on both of these grounds and remand the matter for further proceedings.

## II.  PROCEDURAL HISTORY

A.  *Pleadings*

On July 15, 2016, plaintiff filed a civil complaint against defendant seeking recovery of unpaid rent pursuant to the Lease.  According to the complaint, in 2011,

2

defendant entered into the Lease with the owner of a commercial property (Lessor) located in Apple Valley, California. In October 2014, defendant breached the agreement by failing to pay the rent due under the Lease. Plaintiff obtained an assignment of Lessor's claim for unpaid rent in 2016.

At some point in time, defendant also filed a small claims action against plaintiff. The small claims complaint purportedly alleged defendant had been forced to incur attorney fees as the result of wrongful eviction notices sent by plaintiff. The two actions were consolidated and tried together, but neither party has included the small claims complaint as part of the record on appeal.

B. *Judgment and Statement of Decision*

The case was tried in a two-day court trial. In a statement of decision, the trial court made the following findings of fact: defendant executed the Lease in 2011; defendant paid a security deposit in the amount of $8,000 pursuant to the terms of the Lease; and defendant experienced financial difficulties and fell behind in his lease payments. The trial court also found that in early 2014, defendant and Lessor orally agreed to reduce the future rental payments due under the Lease; the parties exchanged text messages memorializing this agreement; and the parties expressed their intent to enter into a new written lease agreement but never executed a new lease.

The trial court found that in May 2014, Lessor retained plaintiff to manage the property; the parties again unsuccessfully attempted to negotiate a new lease agreement; and that during these negotiations, defendant paid and Lessor continued to accept the reduced rent pursuant to their oral agreement. However, the trial court found that:

3

Lessor expressly represented it would not continue to accept reduced rent through the entire lease term; in August 2014, Lessor gave written notice that the full rent due under the Lease would resume beginning October 2014; and beginning October 2014, Lessor sent written notices to pay rent or quit that expressly stated Lessor was not waiving its right to the full rent due under the Lease. Finally, the trial court found that defendant continued to pay rent at a reduced amount until he sold his business to a third party in December 2015; that other than its written notices, Lessor took no other legal action to evict defendant from the property; and that Lessor assigned its claims against defendant for past due rent to plaintiff in June 2016.

Based upon these factual findings, the trial court concluded that defendant and Lessor had entered into a valid oral agreement modifying the terms of the Lease. Specifically, the trial court concluded that the oral modification was enforceable because the modification had been "fully executed" as evidenced by the payment and acceptance of reduced rent through October 2014. Based upon this conclusion, the trial court entered judgment in favor of defendant. Additionally, the trial court awarded defendant compensatory damages. However, the award was not the result of any of the claims asserted by defendant in the consolidated small claims action but was rather based on plaintiff's complaint and represented compensation for defendant's unreturned security deposit.

C.  *Motion for New Trial*

On October 7, 2019, plaintiff filed a notice of intent to move for a new trial. Among other arguments, plaintiff asserted that the trial court omitted a finding regarding

4

the existence of consideration for the purported modification of the Lease, and that the trial court could not grant a monetary award in favor of defendant absent a pleading requesting such relief.

The trial court denied the motion. In its written order, the trial court expressed that a finding regarding consideration was not necessary given the theory upon which it relied to conclude the parties had entered into a valid modification of the Lease. The trial court also expressed its view that, even if the issue of consideration was relevant, defendant's promise to "remain a tenant and enter into a new lease" would have constituted consideration. The trial court acknowledged that defendant had never requested an award of monetary damages based upon the failure to return his security deposit in any pleading; but the trial court expressed the belief that it could make such an award because defendant had pled a defense of offset in its answer and because "[t]he legal doctrine of amendment to conform to proof is relevant to this discussion and there is no prejudice to [plaintiff] in applying this concept to the issue of the security deposit."

## III. DISCUSSION

On appeal, plaintiff contends the judgment is erroneous for two, independent reasons: (1) it was error for the trial court to conclude defendant did not breach the Lease because the Lease had been modified by oral agreement, and (2) it was error for the trial court to award monetary damages to defendant. We agree that the trial court erred on both of these points, and that these errors require reversal of the judgment.

A. *The Trial Court's Factual Findings Do Not Support a Valid Modification*

In this case, the trial court found, and the parties do not dispute, that the Lease was a written agreement between defendant and Lessor; that defendant was obligated to pay rent in a specified amount each month under the terms of the Lease; and that defendant paid a reduced amount from October 2014 through December 2015. Thus, as the trial court correctly identified, the "salient issue" in this case was whether the parties validly modified rent due under the Lease for this period.

On appeal, plaintiff argues the trial court's conclusion that the Lease had been modified was erroneous on numerous grounds, including: (1) any purported modification is per se unenforceable for lack of consideration; (2) any purported modification failed to meet the requirements of Civil Code section 1698; and (3) substantial evidence would not support a finding of waiver of the rent due under the written agreement. We conclude that, even assuming the trial court's factual findings are supported by substantial evidence in the record, these findings are not sufficient to show a valid modification under Civil Code section 1698. As a result, the judgment must be reversed, and the matter remanded for further proceedings.

1. General Legal Principles and Standard of Review

"The modification of a written contract is governed by Civil Code section 1698, which states in pertinent part: '(a) A contract in writing may be modified by a contract in writing. [¶] (b) A contract in writing may be modified by an oral agreement to the extent that the oral agreement is executed by the parties. [¶] (c) Unless the contract otherwise expressly provides, a contract in writing may be modified by an oral agreement supported

6

by new consideration.' " (*Wind Dancer Production Group v. Walt Disney Pictures* (2017) 10 Cal.App.5th 56, 78.)  "Proof of the modification must meet the test of Civil Code section 1698" (*Coldwell Banker & Co. v. Pepper Tree Office Center Associates* (1980) 106 Cal.App.3d 272, 279, disapproved on another ground by *Barrett v. Bank of Am.* (1986) 183 Cal.App.3d 1362, 1370), and "[t]he written contract remains in effect to the extent it has not been modified" (*Conley v. Matthes* (1997) 56 Cal.App.4th1453, 1465).

"While reviewing a judgment based upon a statement of decision following a bench trial, the appellate court reviews the trial court's findings of fact under a substantial evidence standard.  [Citation.]  In applying the substantial evidence standard, an appellate court defers to a trial court's findings of fact by 'liberally constru[ing] [them] to support the judgment.'  [Citation.]  The court considers the evidence in the light most favorable to the prevailing party and draws all reasonable inferences in support of the findings.  [Citation.]  However, questions of law—such as the interpretation of a statute—are reviewed de novo." (*Jackson v. LegalMatch.com* (2019) 42 Cal.App.5th 760, 767; see *Thompson v. Asimos* (2016) 6 Cal.App.5th 970, 981.)

2.  The Trial Court Erroneously Concluded That the Lease Was Modified Under Section 1698, Subdivision (b)

As an initial matter, we disagree with plaintiff that any purported modification to the Lease would be per se unenforceable absent consideration.  By its very terms, Civil Code section 1698 provides three methods for effectuating a valid modification of a written contract, only one of which requires consideration.  As explained by our Supreme

7

Court: "Section 1698 has a dual operation. On the one hand it invalidates oral contracts of modification that are unexecuted, and on the other hand, it validates executed agreements that might otherwise fail for lack of consideration." (*D.L. Godbey & Sons Const. Co. v. Deane* (1952) 39 Cal.2d 429, 432.) Thus, contrary to plaintiff's assertion on appeal, consideration is not a necessary prerequisite to finding a valid modification. Nevertheless, as we explain, the trial court's factual findings in this case are not sufficient to support any of the three methods proscribed in section 1698.

Here, the trial court relied on Civil Code section 1698, subdivision (b), to find a valid oral modification of the Lease, concluding that the evidence of an oral agreement and the Lessor's actions "establish[ed] the existence of an enforceable executed oral agreement to reduce the rent . . . during the entire remaining term of the lease." However, California courts have repeatedly explained that section 1698, subdivision (b), cannot be applied prospectively to modify future or continuing duties under a lease. (*Hunt v. Smyth* (1972) 25 Cal.App.3d 807, 820 ["In the absence of a new consideration or a writing which modifies the contract, the mere forgiveness of a portion of past installments will not effect an agreement to reduce future installments. . . . [¶] [A party] cannot predicate a modification of the agreement for future payments on the payment and acceptance of lesser sums in the past."]; *Stoltenberg v. Harveston* (1934) 1 Cal.2d 264, 266 ["Until the amount had been accepted by the landlord as rent for the month for which it was tendered, it could not be said that this oral agreement to lower the rent had been performed by the landlord, and until it was so performed by him he was not bound by its terms."]; *Julian v. Gold* (1931) 214 Cal.74, 78 [same]; *Cirimele v. Shinazy* (1954)

124 Cal.App.2d 46, 50 ["As to the monthly payments of rent due under said lease and not actually paid by the lessees, a different rule governs. As to such payments the oral agreement to accept amounts less than those called for in the written lease had not been executed."].)

Thus, under Civil Code section 1698, subdivision (b), the trial court could only find a valid modification of the rent due for those months in which Lessor actually accepted a reduced payment as full satisfaction of defendant's obligation under the Lease. The trial court found, and the parties did not dispute, that this was the case up until October 2014. After that time, the Lessor no longer agreed to accept a reduced payment as full satisfaction of defendant's obligations under the Lease and sent notices to pay rent or quit in response to receiving less than the full amount due under the Lease. In fact, the trial court made a factual finding that Lessor sent multiple writings expressly stating that it would not waive its right to the full amount due under the Lease after October 2014.[1] Thus, the trial court's own factual findings could not, as a matter of law, support the

---

[1] The trial court suggested in its statement of decision that notwithstanding these notices, there was no evidence Lessor initiated an unlawful detainer action or pursued other legal proceedings to collect unpaid rent. However, "in the absence of some agreement the mere acceptance of partial payments of what is due on an obligation does not discharge the balance, or modify the terms of its payment." (*Hunt v. Smyth*, *supra*, 25 Cal.App.3d at pp. 819-820 [party claiming modification must show acceptance of a partial payment was not "merely crediting it on the account"].) Additionally, a " 'lessor's right to recover damages for loss of the benefits of [a] lease *should be independent* of his right to bring an action for unlawful detainer to recover the possession of the property.' " (*Walt v. Superior Court* (1992) 8 Cal.App.4th 1667, 1678.) Thus, while these facts might be relevant to establishing an affirmative defense such as waiver or estoppel, they could not establish that a purported modification was fully executed for the purposes of section 1698, subdivision (b).

9

conclusion that the Lease was validly modified by a fully executed oral agreement to provide for reduced rent for the entire duration of the Lease term.

3. The Trial Court's Factual Findings Preclude Upholding the Judgment on Alternative Grounds

The trial court's error in applying section 1698, subdivision (b), does not, in itself, require reversal of the judgment. Typically, " 'we will affirm a judgment correct on any legal basis, even if that basis was not invoked by the trial court . . . [because] [t]here can be no prejudicial error from erroneous logical reasoning if the decision itself is correct.' " (*Espinoza v. Shiomoto* (2017) 10 Cal.App.5th 85, 100, quoting *Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 269.) However, as we explain, the findings in this case are not sufficient for us to uphold the judgment on alternative theories.

First, the trial court expressly found that the parties never completed a new written lease agreement. As a result, there could be no valid modification under section 1698, subdivision (a).

Second, the trial court made no findings regarding the existence of consideration, which is a prerequisite for a valid modification under Civil Code section 1698, subdivision (c). (§ 1698, subd. (c) ["[A] contract in writing may be modified by an oral agreement supported by new consideration."].) While a reviewing court will generally imply omitted findings in favor of a judgment, "[a]n exception to this rule exists . . . when a trial court expressly refuses to make a finding. In such an instance, the Court of Appeal will not presume that the trial court made that finding." (*Reid v. Moskovitz* (1989) 208 Cal.App.3d 29, 32.) Here, plaintiff moved for a new trial arguing, in part,

that the trial court's statement of decision omitted a finding on the issue of consideration. This was a valid means of raising a deficiency in the statement of decision (Code Civ. Proc., § 634) and, in response, the trial court could have vacated the judgment and modified its statement of decision to include such a finding (*Uzyel v. Kadisha* (2010) 188 Cal.App.4th 866, 899; Code Civ. Proc., § 662). However, the trial court instead denied the motion and declined to modify the statement of decision.[2] Thus, we will not imply a finding regarding the existence of new consideration and, absent such a finding, the record cannot support a valid modification under section 1698, subdivision (c).

Finally, we decline to consider potential equitable grounds, such as waiver and estoppel, that might otherwise bar enforcement of the Lease under section 1698, subdivision (d). While plaintiff briefly addresses the issue of waiver in the opening brief, defendant did not argue the Lease was unenforceable on equitable grounds before the trial court, and the trial court did not identify or rule upon equitable defenses as a contested issue in its statement of decision. As a general rule, an appellate court will not

---

[2] While the trial court's order denying the motion for new trial suggested that evidence that defendant "would remain a tenant and enter into a new lease" could have supported a finding of consideration, " '[a] memorandum opinion is not a decision. Although it may purport to decide issues in the case, it is merely an informal statement of the views of the trial judge [and] does not constitute findings of fact.' " (*Shaw v. County of Santa Cruz*, supra, 170 Cal.App.4th at p. 268.) More importantly, had the trial court actually believed a finding on the issue of consideration was necessary and taken the time to prepare a formal statement of decision on the issue, we doubt it would have based a finding of consideration on this evidence, since "[c]onsideration consists of either a benefit to the promisor or a detriment to the promisee. . . . A promise to do something the promisor is legally bound to do is not consideration. " (*San Luis Obispo Local Agency Formation Com. v. City of Pismo Beach* (2021) 61 Cal.App.5th 595, 600.) We note that defendant was already obligated to remain a tenant for the term of the Lease and pay rent under the terms of the Lease or any valid modification to the Lease.

consider a new theory raised for the first time on appeal.  (*Sumner Hill Homeowners'*
*Assn.*, *Inc. v. Rio Mesa Holdings*, *LLC* (2012) 205 Cal.App.th 99, 1026 [under " ' "theory
of trial" ' " doctrine, appellate court will not consider new theory raised on appeal]; *Cox*
*v. Griffin* (2019) 34 Cal.App.5th 440, 450 [same].)  We also note that defendant has
declined to address the issue in his respondent's brief and does not urge equitable
defenses as an alternative ground to uphold the judgment.  As such, we decline to address
whether equitable defenses might serve as an alternative basis for upholding the judgment
in this case.

Because the trial court's findings of fact, even if supported by substantial
evidence, are not sufficient to support the legal conclusion that the parties entered into a
valid oral modification of the Lease for the entire term of the Lease, its findings are not
sufficient to support a judgment in defendant's favor.  (*Duff v. Duff* (1967)
256 Cal.App.2d 781, 785 ["Written findings are required on all material issues raised by
the pleadings and evidence, unless they are waived, and if the trial court renders
judgment without making findings on all material issues, the case must be reversed on
appeal."]; see *Morgan v. International Aviation Underwriters*, *Inc.* (1967)
250 Cal.App.2d 176, 181.)  As such, reversal of the judgment is required.  Because the
trial court's statement of decision in this case was based almost entirely on the finding of
a modification under section 1698, subdivision (b), it did not make findings sufficient to
resolve whether a modification might exist under subdivision (c) or an equitable defense
might apply under subdivision (d) of the statute.  Upon remand, the trial court may

reconsider the cause, make any additional findings of fact necessary to resolve the issues contested at trial and issue a new statement of decision in accordance with those findings.

B.  *The Trial Court Erred in Granting Relief Beyond the Scope of the Pleadings*

Plaintiff also claims on appeal that the trial court erred in granting affirmatively relief to defendant in the form of an award of compensatory damages, representing the amount of defendant's unreturned security deposit.  Specifically, plaintiff contends that (1) an award of affirmative relief was erroneous as a matter of law in the absence of a pleading requesting such relief, and (2) the evidence was insufficient to support finding that plaintiff assumed defendant's duties under the Lease with respect to return of defendant's security deposit.  We agree with plaintiff that it was error for the trial court to issue a judgment in defendant's favor on this claim in the absence of a pleading requesting such relief.  Given this conclusion, we do not consider the merits of the claim at this time.

"The rule is well settled in this state that findings on issues not made by the pleadings must be disregarded, and cannot furnish support for a judgment."  (*Simmons v. Simmons* (1913) 166 Cal.438, 441.)  In this case, defendant never filed a cross-complaint seeking affirmative relief arising out of the Lease.  Thus, an award of compensatory damages in favor of defendant arising out of the Lease transaction was clearly erroneous.[3]

---

[3]  While defendant did have a pending small claims action that was ultimately consolidated with plaintiff's complaint, neither party has included a copy of the small claims complaint as part of the record; the trial court did not purport to award defendant

*[footnote continued on next page]*

13

We disagree with defendant's contention on appeal that the trial court could properly grant such relief because his answer raised an affirmative defense alleging he was entitled to an offset based upon his unreturned security deposit. California authorities have repeatedly explained that the right to an offset "is an affirmative defense, not a cause of action," and "[r]elief by way of a setoff is limited to reducing or defeating a plaintiff's claim; a defendant may not obtain affirmative relief against a plaintiff based on the affirmative defense of setoff." (*Morris Cerullo World Evangelism v. Newport Harbor Offices & Marina*, *LLC* (2021) 67 Cal.App.5th 1149, 1159; see *Aetna Casualty & Surety Co. v. Humboldt Loaders*, *Inc.* (1988) 202 Cal.App.3d 921, 927 ["Counterclaims for money by the defendant in an answer are obviously invalid."].)

Defendant's reliance on Code of Civil Procedure section 431.70 is also unavailing. The statute permits a cross-demand for money to be asserted as an affirmative defense even if the statute of limitations has already run on the claim. (Code Civ. Proc., § 431.70.) As explained by the California Supreme Court: "[N]othing in the legislative history of [Code of Civil Procedure] section 431.70 suggests the Legislature intended to permit defendants to obtain affirmative relief (that is, relief beyond defeating the plaintiff's claims) without filing a cross-complaint. [¶] . . . [¶] One who has paid a liability in full or in part can allege that payment as a defense to a cause of action, but in that case the defendant merely hopes to defeat the plaintiff's complaint. If, in addition,

---

compensatory damages as a result of that pleading; and defendant does not claim on appeal that the allegations of his small claims complaint could have been construed to support the award in his favor.

the defendant seeks affirmative relief in its favor (such as the recovery of damages), it must file a cross-complaint, because section 431.30, subdivision (c), bars it from claiming affirmative relief by way of the answer." (*Construction Protective Services*, *Inc. v. TIG Specialty Ins. Co.* (2002) 29 Cal.4th 189, 197-198.) Thus, defendant cannot rely on the fact that he pled an affirmative defense claiming an offset in order to support a judgment granting him an award of compensatory damages.

We also disagree with the trial court's view that it could grant such relief because defendant could have amended his pleadings to conform to proof presented at trial. It is true that "[c]ourts are, and should be, liberal . . . in the allowance of amendments in order that pleadings may conform to the proofs" (*Lavely v. Nonemaker* (1931) 212 Cal. 380, 385; see *Trafton v. Youngblood* (1968) 69 Cal.2d 17, 31), and that the trial court has discretion to grant such relief even "after a trial has been concluded" (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 636). Nevertheless, the record does not disclose that defendant ever requested leave to amend his small claims complaint or requested leave to file a belated cross-complaint and, as a result, no amendment to the pleadings was actually made in this case.

In the absence of an actual amendment, the trial court could not grant relief beyond that alleged in the pleadings. (*Castaic Clay Mfg. Co. v. Dedes* (1987) 195 Cal.App.3d 444, 449 ["It is the general rule that, in a contested cause, in the absence of an amendment to the complaint to conform to proof, a court may not award the plaintiff a sum in excess of the amount of damages he claims to have sustained."].) Nor could the trial court amend defendant's pleading sua sponte to include an otherwise

15

unpleaded claim in a tentative statement of decision after trial. (*McMillin v. Eare* (2021) 70 Cal.App.5th 893, 913 [A "trial court's sua sponte posttrial amendment" to add a cause of action not alleged in the pleadings "contravene[s] basic tenets of law and motion practice" and violates the parties due process right to notice.].)

The granting of affirmative relief on a claim not referenced in the pleadings was error and also requires reversal of the judgment. Because such relief could not be granted absent an amendment to the pleadings, we need not decide at this time whether defendant would be entitled to such relief on the merits. Upon remand, the trial court will have the opportunity to consider any request to amend defendant's small claims complaint to include a claim for return of his security deposit. We express no opinion on whether such an amendment would be appropriate under the circumstances presented in this case.[4]

---

[4] We observe that the issue may be rendered moot if the trial court, upon remand, determines that plaintiff is entitled to judgment in its favor on the breach of contract cause of action and the amount of any unreturned security deposit is used to offset plaintiff's damages. Alternatively, defendant may decide not to seek such amendment if plaintiff contends it would require a new trial to afford plaintiff the opportunity to assert affirmative defenses that might be applicable to the claim.

## IV.  DISPOSITION

The judgment is reversed, and the trial court's statement of decision is vacated. Upon remand, the trial court is directed to reconsider the cause, prepare a new statement of decision and enter a new judgment based on that statement of decision.  The trial court may also consider a request to amend the pleadings to conform to proof and, if necessary, grant a new trial to resolve any issues raised by any amendment.  Plaintiff to recover its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:


McKINSTER
Acting P. J.


SLOUGH
J.