[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 2, 2006
THOMAS K. KAHN
CLERK

No. 04-11695

———————

D. C. Docket No. 96-03257-CV-RRA-M

ANTHONY ASH,
JOHN HITHON,

Plaintiffs-Appellants,

versus

TYSON FOODS, INC.,
a corporation,

Defendant-Appellee.

———————

Appeal from the United States District Court
for the Northern District of Alabama

———————

(August 2, 2006)

**ON REMAND FROM THE
UNITED STATES SUPREME COURT**

Before DUBINA, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

## I.

Appellants Anthony Ash ("Ash") and John Hithon ("Hithon"), black males, (collectively "the plaintiffs") appeal the district court's orders (1) granting Tyson Foods, Inc.'s ("Tyson") renewed motion for judgment as a matter of law, pursuant to Fed. R. Civ. P. 50(b), on their 42 U.S.C. § 2000e *et seq.* ("Title VII") and 42 U.S.C. § 1981 discrimination claims, and (2) alternatively granting Tyson's motion for a new trial, pursuant to Fed. R. Civ. P. 50(c), on the basis that the jury's punitive and compensatory damages were excessive and unsupported by the evidence.

In an unpublished decision, we affirmed the district court's alternative grant of a new trial on Hithon's claims because there was insufficient evidence to support the punitive damages award and the compensatory damages award was excessive, but upheld the court's dismissal of Ash's claims on grounds that he did not prove discrimination. *See Ash v. Tyson Foods, Inc.*, 129 Fed. Appx. 529 (11th Cir. 2005), *vacated*, 126 S. Ct. 1195 (2006). Hithon's evidence demonstrated that Supervisor Hatley may not have interviewed Hithon until after he selected Randy King ("King"), a white shift manager at an Arkansas plant, for the position in question. We held this evidence to be sufficient to permit a jury to decide whether

Hithon's articulated reasons for not selecting him were a pretext for race discrimination.

On petition for writ of certiorari, the Supreme Court of the United States granted the writ, vacated our judgment, and remanded the case for further consideration. Specifically, the Supreme Court found fault with our partial reliance on an articulation of the comparative qualifications standard as one where pretext is shown only when the disparity in qualifications is so apparent as to virtually "jump off the page and slap you in the face." It also instructed that this court erred by concluding that the use of "boy" alone is not evidence of racial discrimination unless accompanied by racial qualifiers when evaluating whether such references to plaintiffs were evidence of racial bias. *Ash v. Tyson Foods, Inc.*, 126 S. Ct. 1195 (2006).

The Supreme Court remanded the case to us with instructions to determine whether these two findings were essential to our holding and to determine if the standards written more appropriately would change the ultimate finding. The Supreme Court specifically cautioned that its decision should not be read to hold that petitioners' evidence necessarily showed pretext.

**II.**

3

We review a district court's grant of a Fed. R. Civ. P. 50(b) renewed motion for judgment as a matter of law *de novo* and apply the same standard as the district court. *See Abel v. Dubberly*, 210 F.3d 1334, 1337 (11th Cir. 2000). In reviewing the evidence, we draw all factual inferences and resolve all credibility determinations in favor of the non-moving parties, who in this case are Ash and Hithon. *Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1344 (11th Cir. 2000). However, "the non-movant must put forth more than a mere scintilla of evidence suggesting that reasonable minds could reach differing verdicts," and must show "[a] substantial conflict in the evidence . . . before a matter will be sent to the jury." *Abel*, 210 F.3d at 1337. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 2110 (2000) (citation omitted). "[A] motion for judgment as a matter of law will be denied only if reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions." *Abel*, 210 F.3d at 1337 (citation and internal quotations omitted).

We review a district court's grant of a new trial for an abuse of discretion. *F.D.I.C. v. Stahl*, 89 F.3d 1510, 1514 (11th Cir. 1996). The district court should grant a motion for a new trial when

the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict . . . . Because it is critical that a judge does not merely substitute his judgment for that of the jury, new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great – not merely the greater – weight of the evidence.

*Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001) (internal citations and quotation omitted).

### III.

The Supreme Court held that the word "boy" used without modification was "not always benign" and could be evidence of racially discriminatory intent. The Court listed five non-exclusive factors which may indicate whether the word is evidence of racial animus – "context, inflection, tone of voice, local custom and historical usage." *Ash*, 126 S. Ct. at 1197.

After reviewing the record, we conclude once again that the use of "boy" by Hatley was not sufficient, either alone or with the other evidence, to provide a basis for a jury reasonably to find that Tyson's stated reasons for not promoting the plaintiffs was racial discrimination. The usages were conversational and as found by the district court were non-racial in context. But even if somehow construed as racial, we conclude that the comments were ambiguous stray remarks not uttered in the context of the decisions at issue and are not sufficient

5

circumstantial evidence of bias to provide a reasonable basis for a finding of racial discrimination in the denial of the promotions. The lack of a modifier in the context of the use of the word "boy" in this case was not essential to the finding that it was not used racially, or in such a context as to evidence racial bias, in the decisions at issue, even if "boy" is considered to have general racial implications. The statements were remote in time to the employment decision, totally unrelated to the promotions at issue, and showed no indication of general racial bias in the decision making process at the plant or by Hatley. Moreover, there is nothing in the record about the remaining factors to support an inference of racial animus in the use of the term "boy."

There was insufficient evidence of bias in the circumstances of this case to overcome the articulated reasons for Hatley's decision, which was that the selected applicants were not associated with the prior poor performance of the plant, they had demonstrated leadership and management skills, they had superior recommendations, and they had experience in the poultry industry at more than one Tyson plant. The only negative – King's lack of a college degree – made him equally, but not less, qualified educationally than the plaintiffs. Thus, we conclude that the "boy" comments, with the other evidence presented, do not

provide a reasonable basis for a finding of racial discrimination in the context of the employment decisions at issue here.

**IV.**

In its opinion vacating our judgment, the Supreme Court instructed that the visual image of words "jumping off the page to slap you in the face" was unhelpful and imprecise as an elaboration of the standard for inferring pretext from superior qualifications. The Court concluded that "some formulation other than the test . . . articulated . . . by those words would better insure that the trial courts reach consistent results," citing by way of contrast the articulated standard used in *Cooper v. Southern Co.*, 390 F.3d 695, 732 (11th Cir. 2004), *cert. denied*, ___ U.S. ___, 126 S. Ct. 478 (2005), to-wit: "disparities in qualifications must be of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." *Ash*, 126 S. Ct. at 1197.

The "jump off the page test" was not essential to this court's initial conclusion that the comparative qualifications evidence did not provide sufficient evidence of pretext. Since *Ash*, we have utilized the *Cooper* standard to evaluate the level of disparity necessary to constitute proof of pretext claimed on the basis of comparative qualifications. *See, e.g., Brooks v. County Commission of*

7

*Jefferson County, Al*, 446 F.3d 1160 (11th Cir. 2006); *Watkins v. City of Huntsville*, (No. 04-15607) (11th Cir. Apr. 18, 2006); *Roper v. City of Foley Police Dept.*, (No. 05-15199) (11th Cir. Apr. 18, 2006); *Price v. M&H Valve Co.*, (No. 05-15205) (11th Cir. Apr. 7, 2006). In these cases, comparative qualifications and other alleged indicia of discrimination (i.e., subjective criteria used by the decision-maker, plaintiff's belief that his (or her) qualifications were superior), were held insufficient for a factfinder reasonably to find that the decision was not based on the qualifications of the applicants.

On this record, we conclude that the plaintiffs did not meet their burden under *Cooper* to show that the disparities between their qualifications and the qualifications of King and Dade were "of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." *Cooper*, 390 F.2d at 732.

## V.

After applying the above standards, we reinstate the previous holdings of our decision. We affirm the district court's grant of judgment as a matter of law in favor of Tyson on Ash's discrimination claims. We reverse the district court's grant of judgment as a matter of law in favor of Tyson on Hithon's discrimination

claims but, with respect to Hithon, we affirm the district court's order alternatively granting a new trial because there was insufficient evidence to support the jury's punitive damages award, and the compensatory damages award was excessive. We remand this case to the district court to conduct further proceedings consistent with this opinion.

**AFFIRMED in part, REVERSED and REMANDED in part.**