NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0312n.06

No. 10-2441

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

REGINALD WORTHY,                                )
                                                )
        Plaintiff-Appellant,                    )
                                                )
        v.                                      )
                                                )
MICHIGAN BELL TELEPHONE COMPANY, dba            )       ON APPEAL FROM THE
AT&T Michigan,                                  )       UNITED STATES DISTRICT
                                                )       COURT FOR THE EASTERN
        Defendant-Appellee,                     )       DISTRICT OF MICHIGAN
                                                )
        and                                     )
                                                )
MICHAEL LUSTIG, et al.,                         )
                                                )
        Defendants.                             )
                                                )

FILED

*Mar 21, 2012*

LEONARD GREEN, Clerk

BEFORE:  GRIFFIN and KETHLEDGE, Circuit Judges; and THAPAR, District Judge.[*]

        GRIFFIN, Circuit Judge.

        Plaintiff Reginald Worthy appeals the district court's grant of summary judgment in favor

of defendant Michigan Bell Telephone Company, d/b/a AT&T Michigan, ("Michigan Bell") on his

claims of race discrimination and retaliation in violation of the Elliott-Larsen Civil Rights Act

("ELCRA"), Mich. Comp. Laws § 37.2101, *et seq*.  We affirm.

_____

        [*]The Honorable Amul R. Thapar, United States District Judge for the Eastern District of
Kentucky, sitting by designation.

I.

This court reviews a district court's grant of summary judgment de novo. *Parsons v. City of Pontiac*, 533 F.3d 492, 499 (6th Cir. 2008). Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When determining whether the movant has met this burden, this court views the evidence in the light most favorable to the nonmoving party. *Smith Wholesale Co., Inc. v. R.J. Reynolds Tobacco Co.*, 477 F.3d 854, 861 (6th Cir. 2007). However, the nonmoving party must present more than a "mere . . . scintilla" of evidence to withstand a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

II.

Worthy contends that the district court erred in granting summary judgment in favor of Michigan Bell on his discrimination claim. Specifically, he asserts that: (1) the district court erred in refusing to consider the unsworn statements attached to his response in opposition to summary judgment, and that those unsworn statements established pretext; (2) the district court erred in finding that he failed to show pretext based solely on his deposition testimony; and (3) he was not required to show pretext because he presented direct evidence of discrimination. We address each of these arguments in turn.

A.

Worthy first claims that the district court should have considered five letters purportedly written by AT&T employees that he attached to his response in opposition to Michigan Bell's

motion for summary judgment. In support of this claim, Worthy cites the rule that "[a] nonmoving party need not 'produce evidence in a form that would be admissible at trial in order to avoid summary judgment,'" *O-So Detroit, Inc. v. Home Ins. Co.*, 973 F.2d 498, 505 (6th Cir. 1992), and he contends that the letters attached to his response could have been converted into admissible evidence because some of them were purportedly written by individuals "listed in [his] witness list," and the others were written by people "identified in [his] deposition." We find this argument unpersuasive.

Although a district court may consider some forms of hearsay evidence in deciding a motion for summary judgment, Fed. R. Civ. P. 56(c), such evidence must still be admissible at trial. *See Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). An affidavit used to support or oppose a motion for summary judgment "is required to be sworn to by the affiant in front of an 'officer authorized to administer oaths,'" *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 475 (6th Cir. 2002) (quoting Black's Law Dictionary 54 (5th ed. 1979)), and must be made on the affiant's personal knowledge. Fed. R. Civ. P. 56(c)(4). Alternatively, under 28 U.S.C. § 1746, declarations may take the place of affidavits, so long as those declarations are made under penalty of perjury, certified as true and correct, dated, and signed. *See Pollock v. Pollock*, 154 F.3d 601, 612 n.20 (6th Cir. 1998); *Bonds v. Cox*, 20 F.3d 697, 702 (6th Cir. 1994). Statements that are not sworn in one of these two ways are not competent summary judgment evidence. *See Harris v. J.B. Robinson Jewelers*, 627 F.3d 235, 239 n.1 (6th Cir. 2010) ("[A] court may not consider unsworn statements when ruling on

a motion for summary judgment.") (quoting *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 968-69 (6th Cir. 1991)).

Worthy's proposed evidence satisfies neither Rule 56 nor 28 U.S.C. § 1746. He relies on the following:

> (1) a letter purportedly from "the union members of the Linwood Air Pressure crew," bearing nine unidentified signatures, dated January 4, 2008, which is unsworn and not notarized;

> (2) a letter purportedly from Kenji Lemon which is unsigned, undated, unsworn, and not notarized;

> (3) a letter purportedly signed by Erick Adams, which is undated, unsworn, and not notarized;

> (4) a letter purportedly signed by Oliver Boyd, which is undated, unsworn, and not notarized; and

> (5) a letter purportedly signed by Tee-Huan Harvey, dated June 23, 2008, which is unsworn and not notarized.

Because these letters are unsworn, they are not competent summary judgment evidence, and the district court properly refused to consider them in ruling on Michigan Bell's motion for summary judgment. *See Harris*, 627 F.3d at 239 n.1; *see also Alexander*, 576 F.3d at 561.

Worthy next claims that the district court should have considered the letters because they were "self-authenticated." Citing *Churches of Christ in Christian Union v. Evangelical Benefit Trust*, No. C2-07-CV-1186, 2009 WL 2146095 (S.D. Ohio July 15, 2009), he argues that "[w]here a document is produced in discovery, 'there [is] sufficient circumstantial evidence to support its authenticity' at trial" and "there is no error to admit as evidence documents that Defendants

themselves possess and produced in response to Plaintiff's request for production of documents."

*Id.* at *5 (quoting *Dennison v. Swaco Geolograph Co.*, 941 F.2d 1416, 1423 (l0th Cir. 1991)).

However, unlike in *Churches of Christ*, Worthy, not Michigan Bell, produced the letters at issue

here. And Worthy has cited no support, and we have found none, for the idea that a litigant's own

production of documents during discovery renders the documents authenticated. Moreover,

regardless of whether a document is authenticated for purposes of Federal Rule of Evidence 901, it

must still be admissible. *United States v. Jones*, 107 F.3d 1147, 1159 (6th Cir. 1997) (citing 5

Jack B. Weinstein et al., Weinstein's Evidence ¶ 901(a)[02], at 901–28 (1996) ("A document is not

admissible simply because it has been authenticated. For example, if offered to prove the truth of

assertions made in it, the document will need to meet hearsay requirements.") (footnote omitted)).

Worthy's authentication argument is therefore without merit.

Finally, Worthy contends that the district court should have considered the letters because

they were offered to show Lustig's discriminatory motive, rather than the truth of the matter asserted,

and thus were nonhearsay. But the only way the letters could "show a pattern of behavior on the part

of Lustig treating African-American employees in a manner that was inconsistent with that of White

employees," as Worthy claims, is if the substantive allegations contained in them were true – i.e.,

if Lustig allowed "another white worker . . . to work overtime whenever he feels without any

questions, while [he] . . . grill[ed] the black workers about why we worked so long when we're

actually called out to work" or "provide[d] pure satisfaction to the white employees as well as

accommodate[d] them and g[ave] them choice verses working with everyone equally." Accordingly,

the letters were inadmissible hearsay, and Worthy's claim to the contrary is frivolous.[1] *See Pack v. Damon Corp.*, 434 F.3d 810, 815 (6th Cir. 2006).

B.

Worthy next argues that the district court should have denied Michigan Bell's motion for summary judgment because his deposition testimony was sufficient to establish that Michigan Bell's legitimate, nondiscriminatory reason for his termination was a pretext for unlawful race discrimination. Specifically, he points to his statement that on November 29, 2005, he was having problems logging onto a computer to perform an assigned task, and that when he went to talk to Lustig about it, Lustig told him: "Boy, when I tell you to do something . . . ." and "Boy, bring your ass back here." Worthy asserts that "[t]he term 'boy' . . . is incredibly insensitive and offensive" and that "racial overtones are implicated when a White supervisor calls an African American employee 'boy.'" Thus, as he sees it, a reasonable fact-finder could reject Michigan Bell's legitimate proffered reason for his termination and find that it was a mere pretext for unlawful race discrimination. We do not agree.

Michigan courts "have used the prima facie test articulated by the Supreme Court in *McDonnell Douglas Corp. v. Green*[, 411 U.S. 792 (1973)], as a framework for evaluating [ELCRA] claims." *Town v. Mich. Bell Tel. Co.*, 568 N.W.2d 64, 67-68 (Mich. 1997). To establish a prima facie case of discrimination, Worthy must present evidence that (1) he belongs to a protected class,

---

[1]Worthy also contends that the letters should have been considered by the district court because they were in the possession of Michigan Bell and thus Michigan Bell would not have been surprised by their consideration and/or admission. But whether Michigan Bell would have been surprised is not the test. The test is whether the letters were competent evidence, and they were not.

(2) he suffered an adverse employment action, (3) he was qualified for the position, and (4) his termination occurred under circumstances giving rise to an inference of unlawful discrimination. *Sniecinski v. Blue Cross & Blue Shield of Mich.*, 666 N.W.2d 186, 193 (Mich. 2003); *see also McDonnell Douglas*, 411 U.S. at 802. Once a plaintiff has presented a prima facie case, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Hazle v. Ford Motor Co.*, 628 N.W.2d 515, 521-22 (Mich. 2001). If a defendant produces such evidence, the presumption is rebutted, and the burden shifts back to the plaintiff to show that the defendant's reasons were not the true reasons, but a mere pretext for discrimination. *Id.* at 522.

The only issue here is pretext. "Pretext may be established 'either directly by persuading the [trier of fact] that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 392 (6th Cir. 2008) (quoting *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981)). The usual way to show pretext is to demonstrate that the employer's stated reason for the adverse employment action: (1) has no basis in fact, (2) was not the actual reason, or (3) is insufficient to explain the employer's action. *See Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 545 (6th Cir. 2008). However, many "form[s] of circumstantial evidence [can be] probative of intentional discrimination." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000). Ultimately, a plaintiff must produce sufficient evidence from which the jury may reasonably reject the employer's explanation and find that the employer's reason was a pretext

for unlawful discrimination. *Warfield v. Lebanon Corr. Inst.*, 181 F.3d 723, 730 (6th Cir.1999); *Hazle*, 628 N.W.2d at 522.

Worthy cites several district court cases in support of his argument that his deposition testimony was sufficient to establish pretext. We find those cases inapposite. *McCann v. Midland County Educational Services Agency*, No. 06-13150-BC, 2007 WL 2950591 (E.D. Mich. Oct. 10, 2007) is off target because the language Worthy selects from that case did not address pretext, but causation under Michigan's Whistle-Blowers' Protection Act. *See* Mich. Comp. Laws § 15.362 (1981). *Barnes v. Foot Locker Retail, Inc.*, 476 F. Supp. 2d 1210 (D. Kansas 2007) is also no help to Worthy because the pretext evidence in that case was plaintiff's testimony that defendant, "in the context of giving plaintiff his Final Warning that ultimately resulted in his termination, stated that 'they wanted someone younger and more aggressive,'" *id.* at 1215, and Lustig's alleged "boy" comments here are not similarly close in time to Worthy's termination. Lastly, *Smith v. C.R. Bard, Inc.*, 730 F. Supp. 2d 783 (M.D. Tenn. 2010), and *Fuller v. Global Custom Decorating*, No. Civ.A. 3:2004-285, 2007 WL 44507 (W.D. Pa. Jan. 5, 2007), which Worthy cites for the unremarkable proposition that pretext *can* be shown through a plaintiff's deposition testimony, are factually and legally dissimilar, and do not help Worthy show that his deposition testimony in this case *does* establish pretext.

More on point is the Eleventh Circuit's decision in *Ash v. Tyson Foods, Inc.*, 190 F. App'x 924 (11th Cir. 2006) ("Ash II"). In *Ash v. Tyson Foods, Inc.*, 129 F. App'x 529 (11th Cir. 2005) ("Ash I"), the Eleventh Circuit affirmed a district court's grant of a defendant's Federal Rule of Civil

Procedure 50(b) renewed motion for judgment as a matter of law on a claim by two black plaintiffs alleging that their race was a motivating factor in their failure to be promoted where their white supervisor allegedly called them "boy." *Id.* at 531. The court held that "[w]hile the use of 'boy' when modified by a racial classification like 'black' or 'white' is evidence of discriminatory intent, the use of 'boy' alone is not evidence of discrimination." *Id.* at 533. The Supreme Court granted certiorari and disagreed. It held that the word "boy" used without modification can be evidence of racially discriminatory intent. *Ash v. Tyson Foods, Inc.*, 546 U.S. 454 (2006). The Court explained that, "[a]lthough it is true the disputed word will not always be evidence of racial animus, it does not follow that the term, standing alone, is always benign . . . . [t]he speaker's meaning may depend on various factors including context, inflection, tone of voice, local custom, and historical usage." *Id.* at 456. It therefore remanded the case to the Eleventh Circuit to consider how the term was used in that case.

In *Ash II*, the Eleventh Circuit once more affirmed the district court. It concluded that "the use of 'boy' by [the black plaintiffs' white supervisor] was not sufficient, either alone or with the other evidence, to provide a basis for a jury reasonably to find that [the employer's] stated reasons for not promoting the plaintiffs was racial discrimination." *Ash II*, 190 F. App'x at 926. According to the Eleventh Circuit, "[t]he usages were conversational and as found by the district court were non-racial in context" and "there is nothing in the record about the remaining factors [identified by the Supreme Court] to support an inference of racial animus in the use of the term 'boy.'" *Id.* at 926. The court also noted that "even if somehow construed as racial, . . . the comments were ambiguous

stray remarks not uttered in the context of the decisions at issue and are not sufficient circumstantial evidence of bias to provide a reasonable basis for a finding of racial discrimination in the denial of the promotions." *Id.* And it emphasized that "[t]he statements were remote in time to the employment decision, totally unrelated to the promotions at issue, and showed no indication of general racial bias in the decision making process at the plant or by [the supervisor]." *Id.*

The same reasoning applies here. In this case, Michigan Bell articulated a legitimate, nondiscriminatory reason for ending Worthy's employment: his failure to report to his worksite on February 14, 2008, for at least two hours, in violation of the Company's Code of Business Conduct and Technician Expectations. Worthy's testimony that Lustig called him a "boy" is insufficient to show that Michigan Bell's legitimate reason was a pretext for unlawful race discrimination. Lustig's use of the word "boy," like the supervisor's use of the word in *Ash II*, was remote in time to the adverse employment decision: Lustig allegedly referred to Worthy as a "boy" in November 2005, and Worthy was not terminated until March 2008. Moreover, aside from the fact that Worthy is black and Lustig is white – a fact that the Supreme Court implicitly found insufficient to give racial meaning to the word "boy" in *Ash* – there is no evidence, not the context, inflection, tone of voice, local custom, historical usage, or anything else, that suggests that Lustig's use of the term reflected a racial animus. Indeed, the only evidence in the record is Worthy's response to Lustig's use of the term and that evidence points the other way. Accordingly, the district court did not err in finding that Worthy's deposition testimony was insufficient for a jury to reasonably conclude that Michigan

Bell's legitimate, nondiscriminatory reason for Worthy's termination was a pretext for unlawful race discrimination.

C.

Worthy's final argument is that he did not need to show pretext because Lustig's use of the word "boy" was direct evidence of discrimination. "Direct evidence is evidence that proves the existence of a fact without requiring any inferences." *Rowan v. Lockheed Martin Energy Sys., Inc.*, 360 F.3d 544, 548 (6th Cir. 2004); Black's Law Dictionary 577 (7th ed. 1999). "The evidence must establish not only that the plaintiff's employer was predisposed to discriminate on the basis of [race], but also that the employer acted on that predisposition." *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 707 (6th Cir. 2008) (quotation omitted). To determine if statements are "relevant" as direct evidence of discrimination or are merely "stray remarks," courts generally consider: (1) whether the remarks were made by the decisionmaker or by an agent uninvolved in the challenged decision; (2) whether the remarks were isolated or part of a pattern of biased comments; (3) whether the remarks were made close in time to the challenged decision; and (4) whether the remarks were ambiguous or clearly reflective of discriminatory bias. *Dep't of Civil Rights ex rel. Burnside v. Fashion Bug of Detroit*, 702 N.W.2d 154, 157 (Mich. 2005); *Cooley v. Carmike Cinemas, Inc.*, 25 F.3d 1325, 1330 (6th Cir. 1994). These factors weigh against Worthy here.

Worthy claims that this case is analogous to *DeBrow v. Century 21 Great Lakes, Inc.*, 620 N.W.2d 836 (Mich. 2001), where the Michigan Supreme Court found that a plaintiff had presented "direct evidence of unlawful age discrimination" because "[t]he plaintiff testified during his

deposition . . . [that] his superior told him that he was 'getting too old for this shit.'" *Id.* at 838. However, the comment in *Debrow* clearly reflected discriminatory bias and was "allegedly made in the context of the discussion in which plaintiff was informed [of the adverse employment action]." *Id.* at 839. Here, in contrast, Lustig's use of the word "boy" was not clearly reflective of discriminatory bias, *see Ash*, 546 U.S. at 456, especially in light of Worthy's response to it, and it occurred more than two years prior to Worthy's adverse employment decision. *Cf. Rowan*, 360 F.3d at 548-49 (holding that an employer's remarks about the general need to lower average age of workforce and stray comment that "the older people should go, bring in some new blood" made years before employees' terminations, were not direct evidence of unlawful age bias). Moreover, Lustig's use of the word "boy" was isolated and not part of a pattern of biased comments. Worthy has therefore failed to present direct evidence showing that his employer's alleged discriminatory animus was causally related to his adverse employment decision.

III.

For these reasons, we affirm the judgment of the district court.