NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0157n.06

No. 24-5766

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

MICHAEL RAY BRINKLEY,

    Plaintiff-Appellant,

v.

HAMILTON COUNTY, TENNESSEE, et al.,

    Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)

**FILED**
Mar 21, 2025
KELLY L. STEPHENS, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

OPINION

Before: CLAY, BUSH, and BLOOMEKATZ, Circuit Judges.

BLOOMEKATZ, Circuit Judge. Michael Brinkley, a pretrial detainee at a Tennessee county jail, was attacked and stabbed multiple times by fellow inmates. He sued the county and its sheriff, claiming his injuries resulted from their deliberate indifference to inmate safety. The district court granted summary judgment to the defendants, holding that Brinkley failed to create a genuine dispute on whether he suffered a constitutional violation. We affirm.

**BACKGROUND**[1]

Michael Brinkley was detained at the Hamilton County Jail in Chattanooga, Tennessee while he awaited trial on federal drug charges. In September 2021, he informed a corrections officer that he felt unsafe in his housing unit because of his gang affiliation, stating that members of his gang were "no longer welcome" in that unit. Pl.'s Statement of Facts, R. 39-2, PageID 592.

---

[1] We recite the facts in the light most favorable to Brinkley, the non-moving party. *Jackson v. City of Cleveland*, 925 F.3d 793, 806 (6th Cir. 2019).

Brinkley asked to transfer to a different unit that he believed was safer for inmates with his affiliation. The jail granted his request.

After transferring, Brinkley learned that there were also inmates in the new unit who wished him harm. At some point after his transfer, the jail placed one floor of his new unit on lockdown. During the lockdown, Brinkley noticed his cell door remained unlocked. He "pounded on the door of the dayroom and yelled for three nearby officers" to secure his cell, but the officers did not respond. Brinkley Decl., R. 42, PageID 608–09. Five inmates then attacked Brinkley, stabbing him "nine times, including once in the face." *Id.* at PageID 609.

Brinkley sued Hamilton County and Sheriff Jim Hammond—individually and in his official capacity—under 42 U.S.C. § 1983.[2] In his operative complaint, Brinkley alleges that the defendants violated his Eighth Amendment rights by failing to protect him from inmate-on-inmate violence.[3] He brings a separate *Monell* claim against the County, alleging that it failed to train, supervise, and discipline its officers regarding inmate safety. He also asserts several claims under Tennessee law.

The district court granted summary judgment to the County and the Sheriff on Brinkley's federal claims and declined to exercise supplemental jurisdiction over Brinkley's remaining state law claims. Brinkley timely appealed.

---

[2] Initially, Brinkley also listed fifteen unnamed correctional officers as defendants, but he later removed them when he amended his complaint.

[3] Because Brinkley was a pretrial detainee at the time of the attack, his claims arise under the Fourteenth Amendment, not the Eighth Amendment. *See Lawler ex rel. Lawler v. Hardeman County*, 93 F.4th 919, 926 (6th Cir. 2024).

**ANALYSIS**

We review the district court's grant of summary judgment de novo. *Jackson v. City of Cleveland*, 925 F.3d 793, 806 (6th Cir. 2019). We view the evidence in the light most favorable to Brinkley and affirm if he has failed to present evidence from which a reasonable jury could find in his favor. *See id.*

*The Sheriff.* The only individual defendant remaining in this case is Sheriff Hammond. To the extent Brinkley sues the Sheriff in his personal capacity, his failure-to-protect claim requires evidence of the Sheriff's personal involvement in the alleged misconduct. *See Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Miller v. Calhoun County*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). Brinkley offers no such evidence, so his personal-capacity claim fails. As for his official-capacity claim under *Monell*, that functions as a claim against the County. *See Essex v. County of Livingston*, 518 F. App'x 351, 354 (6th Cir. 2013). The key question, then, is whether Brinkley has raised a genuine dispute regarding the County's liability for his injuries.

*The County.* Under § 1983, local governments are not liable simply because they employ someone who commits a constitutional violation—that is, they are not liable under a respondeat superior theory. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Rather, municipal entities are responsible for injuries caused by their "policy or custom." *Id.* at 694. So, to prevail on his claim against the County, Brinkley must create a genuine dispute that he suffered a constitutional injury because of a County policy or practice. On that front, Brinkley says that his stabbing resulted from a County policy of inadequate training, supervision, and discipline regarding inmate safety. To succeed on that theory, Brinkley must present evidence that (1) County employees received inadequate training or supervision regarding inmate safety; (2) the inadequacy

resulted from the County's deliberate indifference; and (3) the inadequacy was closely related to or actually caused his injuries. *See Franklin v. Franklin County*, 115 F.4th 461, 474 (6th Cir. 2024).

Brinkley has failed to develop any evidence to support his claim. The only facts he cites regarding the County's training, supervision, and discipline come from allegations in his unverified complaint. But, as the district court correctly noted, an unverified complaint does not provide competent evidence at summary judgment. *See King v. Harwood*, 852 F.3d 568, 577–78 (6th Cir. 2017); *Worthy v. Mich. Bell Tel. Co.*, 472 F. App'x 342, 343 (6th Cir. 2012). Apart from his complaint, Brinkley relies solely on conclusory assertions, which cannot sustain his claim at this stage. *See Arendale v. City of Memphis*, 519 F.3d 587, 601, 605 (6th Cir. 2008). Because he has failed to introduce evidence showing that his injuries resulted from a County policy or custom, his claim against the County fails.

## CONCLUSION

We affirm the district court's grant of summary judgment to the defendants.